IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PARK PLACE MOTORCARS MID CITIES LTD., and PARK PLACE MOTORCARS OF TEXAS, INC., | § § § § | |
| | § | CIVIL ACTION NO. |
| Plaintiffs, | § § | 3:09-CV-720-K |
| v. | § § | |
| AFFILIATED FM INSURANCE COMPANY, | § § § | |
| Defendant. | § | |

## AMENDED MEMORANDUM OPINION AND ORDER

\_\_\_\_\_The Court entered its Memorandum Opinion and Order but inadvertently referred to "Defendant Metropolitan Life Insurance Company" in the Conclusion. Instead the Memorandum Opinion and Order should state, "Defendant Affiliated FM Insurance." The Court herewith submits this Amended Memorandum Opinion and Order, correcting that error pursuant to Rule 60(a) of the Federal Rules of Civil Procedure. This Amended Memorandum Opinion and Order supersedes the Memorandum Opinion and Order previously entered at docket entry number 52.

\_\_\_\_\_Before the Court are Plaintiffs Park Place Motorcars of Texas, Inc. and Park Place Motorcars Mid Cities, Ltd.'s Motion for Partial Summary Judgment (Doc. No. 28), filed on January 18, 2010, and Defendant Affiliated FM Insurance Company's Cross-Motion for Summary Judgment (Doc. No. 41), filed on March 12, 2010. The Court **GRANTS**

Defendant's motion because the Parties' mutual intent was to exclude motor vehicles from coverage under the insurance policy, therefore, Plaintiffs' claim for lost business income resulting from damage to motor vehicles is not covered under the Parties' insurance policy. Consequently, Plaintiffs' Motion is **DENIED**.

I.    **Factual and Procedural Background**

Plaintiffs Park Place Motorcars Mid Cities Ltd. and Park Place Motorcars of Texas, Inc. (collectively "Park Place" or "Plaintiffs") operate a Mercedes dealership in Bedford, Texas, selling new and used vehicles. Park Place insured its motor vehicle inventory through two policies — a "dealer open lot" policy and a "floored" policy, both of which were provided by other insurers. Defendant Affiliated FM Insurance Company ("Affiliated FM" or "Defendant") provided coverage to Park Place for physical loss or damage to insured property and for business interruption loss for such insured property, subject to all policy terms, conditions, limitations and exclusions (the "Policy").

Park Place's property was damaged by a hail storm on April 13, 2007. Hail damaged some of Park Place's real property insured under the Policy, including a small portion of the roof and exterior siding, awnings, and sunshade tents. Hail also damaged approximately two-hundred and forty-four of Park Place's motor vehicles. The damage to Park Place's motor vehicles was paid by its motor vehicle insurers. Affiliated FM paid Park Place for the damage to Park Place's real property.

Park Place also submitted a claim to Affiliated FM to recover under the Policy for

lost business income directly resulting from hail damage to the motor vehicles. Park Place supported its claim with language from the Policy appearing to extend coverage to motor vehicles. Specifically, Section D of the Policy is titled "Extensions of Coverage" and according to the Policy's Declarations the following was added to Section D:

>   3.   Motor Vehicles Exclusion
>
>   Section D., Property Excluded, Item 6., is amended to:
>
>   6.   Motor vehicles licensed or unlicensed for highway use or owned by officers and employees of the Insured; satelites [sic], aircraft and watercraft except while on land and in the process of being manufactured including storage of aircraft or watercraft prior to being sold.

Park Place determined that because this Declaration involving motor vehicles falls under Section D—"Extensions of Coverage"—that motor vehicles are covered under the Policy.

But, Affiliated FM denied Park Place's claim for lost business income because the Policy only provides business interruption coverage for losses "directly resulting from direct physical loss or damage insured by this policy to property not excluded." Affiliated FM denied coverage on the basis that motor vehicles are excluded under the Policy and that Park Place's claim resulted from the hail-damaged motor vehicles. Affiliated FM reached the conclusion that motor vehicles are excluded under the Policy because of a typographical error in the Policy. The "Motor Vehicles Exclusion" in the Policy's Declarations amends Section D; however, the amendment should have been to Section E—"Property Excluded." Moreover, Affiliated FM also relied on the language

"Motor Vehicle Exclusion" and "Property Exclusion" found in the Declarations to determine that motor vehicles are excluded under the Policy.

On April 10, 2009, Plaintiffs filed their Original Complaint against Defendant FM Affiliated seeking a declaratory judgment that the Policy provides coverage for the business loss of the motor vehicles. In addition, Plaintiff alleges breach of contract, violations of the Texas Insurance Code, and that Defendant failed to pay the insurance claim in bad faith. The Court has diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiffs are Texas corporations with their principal places of business in Texas, Defendant is a corporation organized under the laws of Rhode Island with its principal place of business in Rhode Island, and the amount in controversy exceeds $75,000 excluding interest and costs. Subsequently, Plaintiffs moved for Partial Summary Judgment on the basis that the Policy issued by Defendant covers the business loss of the motor vehicles. In response, Defendant filed a Cross Motion for Summary Judgment asserting the Policy excludes the business loss of the motor vehicles from coverage.

## II. Legal Standard

Summary judgment is appropriate when the pleadings, affidavits, and other summary judgment evidence show that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *U.S. Philips Corp. v. Iwasaki Elec. Co.*, 505 F.3d 1371, 1374 (Fed. Cir. 2007). The moving party bears the burden of identifying

those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 322–25. Once a movant makes a properly supported motion, the burden shifts to the nonmovant to show that summary judgment should not be granted; the nonmovant may not rest upon the allegations in the pleadings, but must support the response to the motion with summary judgment evidence showing the existence of a genuine fact issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255–57 (1986).

In considering whether genuine issues of material fact exist, the court must determine whether a reasonable jury could return a verdict for the nonmoving party in the face of all evidence presented. *Id.* at 249. All evidence and reasonable inferences must be viewed in the light most favorable to the nonmovant. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

### III. Analysis

"Under Texas law, the court's primary concern when interpreting a contract is to ascertain the parties' true intentions as expressed in the instrument." *Bank One, Tex., N.A. v. FDIC*, 16 F. Supp. 2d 698, 707 (N.D. Tex. 1998) (Fitzwater, J.). "To achieve this objective, the court should examine and consider the entire writing in an effort to harmonize and give effect to all the provisions of the contract so that none will be rendered meaningless." *Id.* "No single provision taken alone will be given controlling effect; rather, all the provisions must be considered with reference to the whole

instrument." *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983). Moreover, a "typographical mistake *must* yield to the well-established doctrine that written contracts will be construed according to the intention of the parties, notwithstanding errors and omissions, by perusing the entire document and to this end, *words, names, and phrases obviously intended may be supplied*." *City of Galveston v. Galveston Mun. Police Ass'n*, 57 S.W.3d 532, 539 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) (quoting *Ussery Invs. v. Canon & Carpenter, Inc.*, 663 S.W.2d 591, 593 (Tex. App.—Houston [1st Dist.] 1983, writ dism'd)) (emphasis in original).

Park Place argues that because "Section D" of the Policy is the "Extensions of Coverage" Section and contains the "Motor Vehicles Exclusion" Declaration that the Parties intended for motor vehicles to be covered, or at the very least, that there is an ambiguity in the Policy that must be construed in favor of the insured, which means motor vehicles would be covered under the Policy. But, Park Place's interpretation of the Policy is not reasonable. *See Nat'l Union Fire Ins. Co. of Pittsburgh v. CBI Indus., Inc.*, 907 S.W.2d 517, 520 (Tex. 1995) (the language of the policy or contract must be subject to two or more "reasonable interpretations" in order to be ambiguous).

Indeed, the only reasonable interpretation is that the Parties' true intent was to exclude motor vehicles. In the "Motor Vehicles Exclusion" Declaration, the "D" in "Section D" is a typographical error. Instead, the "D" should be an "E" which would place the Section in the "Property Excluded" Section, not the "Extensions of Coverage"

Section. This is clear because the title of the Declaration is "Motor Vehicles Exclusion," which on its face can only be reasonably interpreted as excluding motor vehicles from the Policy. Moreover, the title of the proper Section—"Property Excluded"—for the "Motor Vehicles Exclusion" follows the Section letter "D" which shows that the Parties intended to clarify the Section to which the Declaration pertained. The letter "D" is a typographical error and the words "Exclusion" and "Excluded" are the Parties' unambiguous expression of intent to exclude motor vehicles from coverage.

Moreover even if the Court determined that an ambiguity exists as Park Place alleges, Affiliated FM's summary judgment evidence establishes that the Parties' intended to exclude motor vehicles from coverage under the Policy. McQueary Henry Bowles Troy, LLP ("MHBT") was Park Place's insurance broker and negotiated the Policy with Affiliated FM on behalf of Park Place. MHBT arranges Park Place's commercial property insurance, as well as most of its other insurance needs, including liability insurance, workers compensation, and insurance for its "unfloored" motor vehicles. Park Place's broker, Linda Stewart at MHBT, sent applications that included a property application, a statement of values, and loss runs that only referred to Park Place's buildings, business personal property, and business interruption. Nothing was requested by Stewart from Park Place regarding obtaining insurance for the actual vehicles for sale. Stewart testified that she never sought coverage for motor vehicles from Affiliated FM or intended to place coverage for business interruption losses with

Affiliated FM for damage to Park Place's vehicles. Thus, considering Park Place's broker's testimony, in conjunction with the language of the Policy, the Parties' intended to exclude motor vehicles under the Policy.

## IV. Conclusion

For the foregoing reasons, Defendant Affiliated FM Insurance Company's Motion for Summary Judgment is **GRANTED.**

**SO ORDERED.**

Signed May 26th, 2010.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE